UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

TIMOTHY THORNE, SR.,            )
                               )
            Plaintiff,          )
                               )
      v.                        )        No. 4:05-CV-1508-TCM
                               )
C.M.S., et al.,                 )
                               )
            Defendants.         )

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Timothy Thorne, Sr. (registration no. 359521) for leave to commence this action without payment of the required filing fee.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court will assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account; or (2) the average monthly balance in the prisoner's account for the prior six month period. See 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner will be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. See 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court

each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid.  Id.

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint on September 19, 2005.  See 28 U.S.C. § 1915(a)(1),(2).  A review of applicant's account statement indicates an average monthly deposit of $9.70, and an average monthly account balance of $.10.  Applicant has insufficient funds to pay the entire filing fee.  Accordingly, the Court will assess an initial partial filing fee of $1.94, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  An action is frivolous if "it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978).

2

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

At the outset, the Court notes that plaintiff has not signed the complaint, as required under the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 11. Rule 11 specifically states that an unsigned complaint "shall be stricken unless it is signed promptly after the omission is called to the attention of the pleader." Because plaintiff is proceeding pro se and in forma pauperis, the Court will give him an opportunity to cure this defect by ordering him to submit a signed complaint.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [Doc. #1] is **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $1.94 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration

number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within thirty (30) days, without good cause shown, the Court will dismiss this action without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint.

**IT IS FURTHER ORDERED** that the Clerk shall send the original complaint to plaintiff, as well as a copy of this Order, for the purpose of obtaining a signed original complaint.

**IT IS FURTHER ORDERED** that plaintiff shall submit within thirty (30) days from the date of this Order a complaint bearing his original signature.

**IT IS FURTHER ORDERED** that upon submission of a singed complaint, this action will be submitted to the Court for review pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that if plaintiff fails to submit a signed complaint within thirty (30) days from the date of this order, the complaint will be dismissed, without prejudice.

Dated this 14th day of November, 2005.


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE


4